FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
17 FEB 22 PM 4:14
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:17-cr- |
| | ) | |
| JAMES D. VICTERY, | ) | 1:17-cr- 24 JMS -MJD |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times material to these charges:

1. The federal government often requires bonds to be posted by small contractors when those contractors are bidding on construction contracts paid for by the federal government in order to insure that the contract is completed at the bid price.

2. James D. Victery (**VICTERY**), the Defendant herein, was a resident of the Indianapolis, Indiana area. In or about 2007, **VICTERY** established Tripartite Escrow Agreement Management, LLC (TEAM), along with several other associated business entities, for the purported purpose of assisting small contractors to obtain government contracts by providing surety services, such as bonding and escrow services required by the federal government in the bidding and contracting process.

3. Various businesses purchase invoices—accounts receivable—from government contractors and bonding companies in order to expedite the availability of working capital (money) for contractors that do not want to wait on the government's payment process. FedSTAR Capital is such a business, commonly known as a factoring agent.

**Counts 1 and 2 : Wire Fraud**
**(18 U.S.C. Section 1343)**

4. The allegations contained in Paragraphs 1-3 are restated here as if set out in full.

5. In or around December 2013, **VICTERY** did knowingly and with the intent to defraud, devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made.

6. In or around December 2013, **VICTERY** and TEAM sold an invoice (contract FA4654C-0004, "invoice 4") to FedSTAR, dated December 2, 2013, which **VICTERY** represented had been approved for payment in the amount of $320,124 by the United States Air Force. In reliance on that representation, and the representations made in the written invoice provided by **VICTERY** to FedSTAR, FedSTAR paid 90% of the face value of the invoice to **VICTERY** in return for the expectation of receiving funds in the full face value of the invoice upon payment by the Air Force.

7. In or around December 2013, **VICTERY** and TEAM sold an invoice (contract FA4654-13-C-0006, "invoice 2") to FedSTAR, dated December 15, 2013, which **VICTERY** represented had been approved for payment in the amount of $334,390 by the United States Air Force. In reliance on that representation, and the representations made in the written invoice

**VICTERY** to FedSTAR, FedSTAR paid 90% of the face value of the invoice to **VICTERY** in return for the expectation of receiving funds in the full face value of the invoice upon payment by the Air Force.

8. At the time of the events described in paragraphs 6 and 7 above, **VICTERY** knew that representations he made to FedSTAR about the invoices he sold to it, and which induced it to pay **VICTERY** for the invoices, were materially false, including but not limited to the fact that there were no such invoices to be paid by the Air Force in the amounts **VICTERY** represented were due and owing. As a consequence of **VICTERY'S** material misrepresentations, FedSTAR incurred substantial losses.

9. On or about the dates specified below, **JAMES D. VICTERY**, the defendant, for the purpose of executing the aforesaid scheme and artifice, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, as more particularly described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | December 5, 2013 | Interstate wire transfer of $288,111.60 from Federal Acceptance Company to First Financial Bank, a payment from FedSTAR to **Victery** |
| 2 | December 18, 2013 | Interstate wire transfer of $200,000 from Quartercent Capital to U.S. Bank, a payment from FedSTAR to **Victery** |

Each count being in violation of Title 18, United States Code, Sections 1343 and 2.

**Counts 3 and 4: Money Laundering**
**(18 U.S.C. Section 1957)**

10. The allegations contained in Paragraphs 1-9 are restated here as if set out in full.

11. On or about the dates listed below, within the Southern District of Indiana and elsewhere, **JAMES D. VICTERY,** Defendant herein, did knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, as described in each of the counts below, such property having been derived from a specified unlawful activity, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343.

| Count | Date | Amount | Description |
|---|---|---|---|
| 3 | December 5, 2013 | $145,000 | Wire transfer from First Financial Bank to FCN Bank, a loan from **Victery** to All American Construction |
| 4 | December 6, 2013 | $55,000 | Wire transfer from First Financial Bank to FCN Bank, a loan from **Victery** to All American Construction |

Each count being in violation of Title 18, United States Code, Section 1957.

**FORFEITURE**

1. Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby gives the defendant notice that it will seek forfeiture of property pursuant to Title 18, United States Code, Section 982(a)(7) and/or Title 21, United States Code, Section 853 as part of any sentence

imposed.

2. Pursuant to Title 18, United States Code, Section 982 and Federal Rule of Criminal Procedure 32.2, if convicted of one or more of the offenses set forth in the Indictment, the defendant shall forfeit to the United States:

a. any property, real or personal, constituting or derived from gross proceeds the defendant obtained as the result of the offense; or

b. a sum of money equal to the total amount of money involved in the offense(s) of which he is convicted.

A TRUE BILL:

[redacted]

Foreperson

JOSH J. MINKLER
United States Attorney

By: ______________________
Winfield D. Ong
Assistant United States Attorney